**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN  DIVISION**

DWIGHT H. GREEN, REG. #27451-001,          *
                                                              *
                                    Plaintiff,          *
v.                                                         *
                                                              *          No. 2:12CV00166-SWW-JJV
JARVIS HAWKINS, Case Manager, FCI-       *
Forrest City; *et al.*,                                  *
                                                              *
                                    Defendants.          *

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.  Mail your

objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Dwight Green is a federal inmate who filed this civil rights action pursuant to *Bivens v. Six*

*Unknown Named Agents*, 403 U.S. 388 (1971), while incarcerated at the Federal Correctional

Institution (FCI), Forrest City, Arkansas.  He alleges 1) Defendant Boston-Jackson relied on inmates

to perform some of her job functions, thereby threatening Plaintiff's security by permitting those

inmates to see his files (Doc. No. 5 at 4); 2) Defendant Boston-Jackson reassigned Plaintiff to a

"ghost" job in February 2012, which did not pay him enough to pay his assessment (*Id*.); 3)

Defendant Boston-Jackson humiliated him by sending inmates to threaten him, and failed to provide

him with stamps for his legal correspondence (*Id*.); 4) Defendant Morman, his case manager, failed

to conduct a unit team review of Plaintiff's case, relied on inaccurate information, and destroyed

Plaintiff's court documents (*Id*. at 5); 5) Defendants Boston-Jackson, Morman, and Hawkins created

a hostile racial environment (*Id*. at 6);  6) Defendant Hawkins verbally and physically assaulted him

in August 2012 (*Id*.); and 7) Defendants Hawkins and Dube-Gilly tried to intimidate him and

2

convince him to drop his grievances in September 2012 (*Id*. at 7).  Plaintiff asks for monetary and injunctive relief from Defendants.

Pending before the Court is a Motion to Dismiss, or in the Alternative, for Summary Judgment, filed by Defendants (Doc. No. 22).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 24) in which he requested appointment of counsel.  Also pending is Plaintiff's Motion to Amend Complaint and to Appoint Counsel (Doc. No. 25).

## II.    SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  *Id*. at 1135 (citations omitted).  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

### A.    Exhaustion of Administrative Remedies

According to the Prison Litigation Reform Act (PLRA),

No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

3

administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. Exhaustion of remedies includes filing a grievance and appealing such grievance through all appropriate levels.  The United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  In addition, in *Chelette v. Harris*, the United States Court of Appeals for the Eighth Circuit held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting *Castano v. Nebraska Dep't of Corrections*, 201 F.3d 1023, 1025 (8th Cir. 2000).  In *Chelette*, the plaintiff inmate did not completely exhaust his administrative remedies because the warden told him he would take care of the matter.  The Court held that "Section 1997(e)(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him."  *Id*.  Therefore, the Court concluded that the statute clearly requires exhaustion.  In *Johnson v. Jones*, the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. . . .  If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, the Supreme Court held in *Jones v. Bock* that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In support of their Motion, Defendants provide the declaration of Blair Summers, Legal Assistant at the United States Department of Justice, Federal Bureau of Prisons (BOP) Consolidated Legal Center in Oklahoma City, Oklahoma.  According to Ms. Summers, administrative records show that Plaintiff did not exhaust his administrative remedies with respect to the claims asserted against the four Defendants named in this lawsuit.  (Doc. No. 23-1.)  Ms. Summers describes the three-step federal administrative remedy process, which is instituted by the filing of an informal resolution with staff, and then a formal resolution to the Warden through a BP-9 form at the unit level.  (*Id*. at 3.)  Two appeals from that level are provided - first to the Regional Director through a BP-10 form, and then to the General Counsel for the Bureau of Prisons, via a BP-11 form (*Id*.)  According to the BOP records, since his incarceration with the BOP, Plaintiff filed a total of four administrative remedy requests.  Only two of these requests are related to the issues raised in his complaint. (*Id*. at 4.)  Ms. Summers identifies the two grievances as #684866-F1 filed on April 18, 2012, about the loss of his plumbing job (*Id.* at 4, 12); and #686225-F1 filed on April 26, 2012, about the lack of stamps to mail legal documents (*Id*. at 5, 12.)

Grievance #684866-F1 was denied at the unit level on April 26, 2012, and Plaintiff appealed to the South Central Regional Office on May 16, 2012.  (*Id*.)  Prior to a receiving a response, he filed a second appeal with that office on June 27, 2012, which was rejected the same day.  (*Id*.)  The first appeal was rejected on June 29, 2012.  Critical to this case, Plaintiff did not further appeal to the Office of General Counsel.  (*Id*. at 4-5, 12.)  Grievance #686225-F1 was rejected by the unit as insufficient on April 26, 2012.  (*Id.*)  Plaintiff did not refile the grievance or appeal the rejection.  (*Id*.)  Based on this information, Ms. Summers concludes that Plaintiff failed to exhaust his administrative remedies on any of the issues raised in his Complaint.  (*Id*. at 5.)

Mr. Green responded by stating "there have been a lot more filed than what has been

presented" in Defendants' Motion (Doc. No. 24).  He states he met with C.E. Smith several times in June and July 2012 about filing grievances and "them not getting past his counselor." (*Id*.)  He states several inmates witnessed Jarvis's assault of him, and complains that Defendants fail to address why an undiagnosed prisoner would be taken out of the unit for chemotherapy, absent a biopsy and consultation.[1]

Given the declaration of Ms. Summers and Plaintiff's failure to provide any proof to the contrary, the Court finds that Plaintiff did not fully exhaust his administrative remedies prior to filing the instant Complaint.  Although Plaintiff states he filed "a lot more" grievances (Doc. No. 24 at 1), he does not provide any support for this claim.  In addition, he does not explain why he did not appeal the two grievances set forth in Ms. Summers' declaration.  Absent such proof, the Court finds that Plaintiff's Complaint should be dismissed without prejudice for failure to exhaust his administrative remedies.[2]

## III.    MOTION TO AMEND COMPLAINT

After careful review of Plaintiff's Motion to Amend Complaint (Doc. No. 25), the Court finds it should be DENIED.  Plaintiff raises a new claim of retaliation that should be brought in a separate lawsuit after he has exhausted his administrative remedies.

## IV.    MOTION TO APPOINT COUNSEL

In his Response, Plaintiff requests appointment of a civil rights attorney (Doc. No. 24 at 2) and in his Motion to Amend Complaint, he also requests appointment of an attorney (Doc. No. 25

---

[1]This statement is unclear to the Court, because Plaintiff does not include allegations concerning medical care and treatment in his Amended Complaint.

[2]The Court may not address Defendants' alternative arguments for dismissal.  Pursuant to *Johnson v. Jones*, 340 F.3d at 627, once a determination is made that the Plaintiff's claims were not exhausted, the Court is required to dismiss them without prejudice.

at 2).   For the reasons already recited by the Court (Doc. Nos. 6, 15) and based on the findings herein, the Motions to Appoint Counsel should be DENIED.

## V.      CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. No. 22), be GRANTED, and this case be DISMISSED without prejudice for failure to exhaust administrative remedies.

2.      Plaintiff's Motion to Amend Complaint (Doc. No. 25) be denied.

3.      Plaintiff's Motions to Appoint Counsel (Doc. Nos. 24, 25) be denied.

4.      All other pending Motions be DENIED as moot.

IT IS SO RECOMMENDED this 11th day of February, 2013.

_____
      JOE J. VOLPE
      UNITED STATES MAGISTRATE JUDGE